Mr. Justice Scott delivered the opinion of the Court. Where one makes a promissory note payable to his own order, and then endorses and delivers it to another, he has, in legal effect, but made an ordinary promissory note, at last by all this circumlocution; because, until endorsed, the instrument is imperfect, and has no validity as a promissory note. The first en-dorsee, then, does not take a derivative but a primitive title, and therefore the endorsement, as to him, in that case, is not technically such, but a part of the instrument itself, thus made valid. (Lee & Langdon v. Br. Bk. Mobile, 8 Porter R. 124, and Roach v. Ostler, 1 Man. & Ryland R., there cited.) It would be otherwise in a case where a firm made a promissory note to one of its members who endorsed it: and in such case the endorsee would take a derivative title, as to all the other members at least, although, even in that case, the note could not be sued on at law before the endorsement. (Smith et al. v. Lurhee et al., 5 Cow. R. 688, 708.) The grant of oyer in the case at bar, both of the body of the instrument and of the endorsement thereon to the plaintiff below, was therefore strictly responsive to the prayer of oyer for “the writing sued,” and placed the latter upon the record in the same sense that it did the former, the two together, in legal effect, constituting the writing itself, on which the plaintiff below sought the recovery in his primitive title set out in the declaration. And, when afterwards, at the final trial, it appears, as the bill of exceptions shows, that the plaintiff read “in evidence the following instrument of.writing, it being the same given on oyer, and which is in the following words and figures, to wit: ” &c, (setting out, in hcec verba, not only the body of the note, but the full endorsement thereon,) we cannot intend, in the face of such a record, that the endorsement was in fact not read in evidence, but must conclude, as is manifestly true, that it was read in evidence. And when we do so, it is not only clear that the verdict and judgment are fully sustained by the evidence, but that there was no error in the refusal of the court below to give the first two instructions asked; because, there being evidence in, or want of evidence upon which to found any pretext for variance between the allegations and the proof, they were purely abstract: there being no more necessity to prove a distinct date for the assignment in this case, than there would be to prove two dates to any one ordinary promissory note alleged to have been executed on one certain day only. Nor was there any error in the refusal to give the third, because, in its terms, it was not, in strictness, law, and was calculated to mislead the jury. Nor was there any error in the instruction given. All three of the grounds, then, upon which the motion for a new trial was made, being wholly unsustained by the record, and in no other wise supported than upon very technical and flimsy grounds, in a matter of plain indebtedness, where no de-fence at all was offered on the merits, we shall not only affirm the judgment of the court below with costs, but award the ap-pellee five per centum damages on its amount.